

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. John Leahy, Director
Cotton Research Committee
College Station, Texas

Dear Sir:

Opinion No. 0-6163
Re: Authority of the Cotton Research Committee to re-allocate or make necessary transfers among the divisions of its total appropriation, under S. B. 403, 47th Legislature, R. S.

The question submitted in your recent communication to this department reads as follows:

"Does Senate Bill No. 403, Acts of the Regular Session of the 47th Legislature, give authority to the Cotton Research Committee to re-allocate or make necessary transfers among the divisions of its total appropriation, under Senate Bill No. 403, where such re-allocation or transfers is made necessary to most effectively employ the sums of money appropriated?"

Submitted as a supplement to your original request, and explaining in detail the reasons, therefor, is a later communication from you, containing the following pertinent paragraphs:

"1. Out of the total appropriation, S. B. No. 403, 47th Legislature, in the amount of $250,000 the Cotton Research Committee has spent or committed $244,904.24 lapsing $5,095.76 to the State Treasurer.

"2. At this instant we have $4,597.15 in commitments against machinery purchases to liquidate which are now more than sixty days past due.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"3.  The representation, with which the Cotton
Research Committee unanimously disagrees, that the
appropriations made by Senate Bill No. 403 are
specific and limited in their application in keeping
with paragraph three of section two of the Act, oper-
ates to enforce the lapsing of $4,597.15 in addition
to the $5,095.76 already lapsed.  The total of lapsed
funds from the $250,000 appropriation would then
amount to $9,692.91.

"4.  Under such operation the Cotton Research
Committee would, in its practical affect, be over-
spending its specific appropriations by $4,597.15
while simultaneously underspending its total appro-
priation by $9,692.91.

"5.  We are presently completing our budget report for
the State Board of Control and are required to detail
our outstanding commitments or undelivered orders.

"6.  The completion and filing of our budget
report and statements is dependent upon your advices
in respect to the foregoing and the more formal state-
ment of our situation as outlined in our original
communication of August 15."

Section 2 of S. B. 403, Chap. 474, 47th Legislature,
reads, in part, as follows:

"Sec. 2.  The sum of Two Hundred Fifty Thousand
($250,000.00) Dollars is hereby appropriated . . . . .,
for the periods of time shown below, and for the
purposes of establishing cotton research facilities
in Texas, . . . . .  The sums of money appropriated
herein shall be allocated and spent under the direc-
tion of a Cotton Research Committee, . . . . ., and in
specific furtherance of the 'Declaration of Policy'
set forth in this Act, subject only to such limitations
as may otherwise be provided by law.

"It is contemplated that the Cotton Research Committee shall cause a careful survey to be made of the most effective way to spend the sums of money appropriated herein, in order that the purposes of this act may be fully accomplished. . . The appropriations herein authorized shall be expended as follows:

|  | For the Year Ending Aug. 31,1942 | For the Year Ending Aug. 31, 1943 |
|---|---|---|
| Purchase of laboratory equipment, and the housing and maintenance of same ..................... | $100,000.00 | $50,000.00 |
| Salaries, none to exceed $6,500. per annum, and not more than two to exceed $5,000. per annum.. | 40,000.00 | 40,000.00 |
| Miscellaneous Supplies, Expenses and Equipment, as the Cotton Research Committee may direct...... | 10,000.00 | 10,000.00 |
| TOTAL | $150,000.00 | $100,000.00 |

"Any unexpended balance of the above funds not used during the year ending August 31, 1942, is hereby appropriated for corresponding use in the following year." (Emphasis Ours)

From the foregoing, the following conclusions are inescapable:

The 47th Legislature appropriated to the Cotton Research Committee for the "Purchase of laboratory equipment, and the housing and maintenance of same", for the year ending August 31, 1942, the sum of $100,000.00. For the same purposes, said Legislature appropriated $50,000.00 for the year ending August 31, 1943. Any unexpended balance of the $100,000.00 item not used during the year ending August 31,1942, was also appropriated for corresponding use (the purchase of laboratory equipment, and the housing and maintenance of same) in the following year (the year ending August 31, 1943). If any unexpended balance existed in said item of

Hon. John Leahy, page 4

$50,000.00, plus any increase therein, if any from the
$100,000.00 item of appropriation for the preceding year,
and said balance was not used during the year ending August
31, 1943, same automatically lapsed and reverted to the
General Fund of the State Treasury.

Said Legislature also appropriated to said Cotton
Research Committee for each of the years ending August 31,
1942, and August 31, 1943, the sum of $40,000.00 for "Salaries,
none to exceed $6,500.00 per annum, and not more than two to
exceed $5,000.00 per annum." Likewise, it appropriated
$10,000.00 for each of said years for "Miscellaneous Supplies,
Expenses and Equipment, as the Cotton Research Committee may
direct." It also appropriated any unexpended balance of said
funds not used during the year ending August 31, 1942, for
corresponding use in the following year. Thus, if any portion
of either of said items remained unexpended and not used dur-
ing the first year of said biennium, said portion, or balance,
was added to the respective appropriation for corresponding
use during the second year thereof. Also, if any unexpended
balance existed in either of said items of appropriation for
said second year, plus any increase therein, if any, from the
preceding year's appropriation for corresponding use, which
balance was not used during said second year, such balance
automatically lapsed and reverted to the General Fund of our
State Treasury.

One provision of Section 2 of S. B. 403, 47th Legis-
lature, requires the sums of money therein appropriated to be
allocated and spent under the direction of the Cotton Research
Committee. The word "allocate" is defined in Webster's New
International Dictionary, Second Edition, as follows:  "To
distribute or assign; allot; apportion;" also "To determine
the locality of." It is not synonymous with "transfer." This
last verb is defined by the same authority thusly:  "To convey
from one place, person, or thing, to another; to transport,
remove, or cause to pass, to another place, person, or thing."

Thus, the Committee is empowered to allocate or appor-
tion the various items of the appropriation to be spent at
certain institutions or places. Likewise, it can allocate or
apportion various amounts within each item for the purposes in-
cluded in same. Furthermore, it can reallocate or reapportion
funds of and within each item as herein stated.

Hon. John Leahy, page 5


To illustrate, the Committee can allocate so much of the $100,000.00 item for the purchase of laboratory equipment, the housing and maintenance thereof at one or more institutions or places. It can alloc to so much of the $40,000.00 item for salaries of the employees at each of said institutions or places.

We find no authority, however, within the provisions of S. B. 403, supra, either expressed or implied, whereby the Cotton Research Committee is empowered to use any part of an apporpriation item for any purpose or purposes other than that or those for which it was made.

We will now consider that paragraph contained in your first communication, which reads as follows:

"It is maintained that the passage of the rider to our current appropriation (contained in S. B. 333, Chap. 399, Acts of the 48th Legislature) expresses legislative intent and was made a part of the appropriation Bill to maintain the discriminating authority of the Committee (Cotton Research Committee) which it enjoyed under Senate Bill No. 403 in respect to the manner of utilizing the appropriated funds."

The rider referred to and contained in the current appropriation to the Cotton Research Committee, appearing on pp. 876-877, Acts of the 48th Leg., reads as follows:

"It is provided that the Cotton Research Committee may make necessary transfers among the appropriations for the Cotton Research Committee as is necessary to properly carry on the research work provided the maximum salary rate for each class of position is not exceeded, and that none of the appropriations shall be used to supplement any appropriation made to the various educational institutions for business research."

This rider has no application to the original act (S. B. 403, supra) or the appropriation contained therein. The appropriation within said original act has no such rider or language susceptible of like import. It is governed strictly

Honorable John Leahy, page 6

by its own provisions.

In view of the foregoing, and based on the definitory provisions of S. B. 403 of the Regular Session of the 47th Legislature, the question submitted is answered in the negative.

In other words, as applied to the particular situation presented, machinery and equipment may not be purchased and paid for out of the appropriation for salaries in S. B. 403 aforesaid.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

L. H. Flewellen
Assistant

APPROVED OCT 4, 1944

ATTORNEY GENERAL OF TEXAS

LHF:rt

APPROVED
OPINION
COMMITTEE
BY